### DAVIS v. DAVIS et al.

*(Supreme Court, General Term, Second Department.   July 18, 1890.)*

PARTNERSHIP—DISSOLUTION—CUSTODY OF BOOKS.

> On the dissolution of a partnership between plaintiff and his father, it was agreed that the latter should retain the books of the firm, collect the accounts, and pay its

debts. Subsequently plaintiff made a general assignment to his father for the bene-
fit of creditors. On the death of the father, plaintiff brought suit against the next
of kin and executors, to recover possession of the books. *Held*, that an order made
therein, giving plaintiff the absolute and unrestricted custody of the books, should
be modified so as to have them placed in the custody of some person, where both
parties could have access to them.

Appeal from special term, Westchester county.

Action by Benjamin T. Davis against Jemima S. Davis, individually, Re-
becca D. McKay, and Jemima S. Davis, and William W. Ambler as executors
of Gilbert T. Davis, to recover possession of the books of account of the late
firm of Davis & Co., composed of plaintiff and his father, said Gilbert T.
Davis. The partnership was dissolved by mutual consent, and it was agreed
that deceased should retain the books, collect the accounts, and pay the debts
of the firm. Subsequently plaintiff made a general assignment to his father
for the payment of debts. The court made an order directing defendants to
deliver possession of the books to plaintiff, and they now appeal therefrom.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Henry C. Griffin,* for appellant. *Edward T. Lovatt,* for respondent.

PRATT, J. It is very doubtful if the plaintiff has any right, title, or in-
terest in the books in question. In any view, however, he ought not to have
the absolute and unrestricted custody of them. As matter of law, the inter-
est in the accounts passed to G. T. Davis in his life-time, in trust to pay debts,
and the plaintiff only retained an equitable interest therein. We think it
was proper to give the plaintiff access to the books; at the same time, also, the
defendant should have been allowed to have the books where they could be
used in furtherance of the trust, and in settlement of the estate of G. T.
Davis, deceased. The order should be so modified as to have them placed in
the custody of some officer or person where both parties can have access to
them at all reasonable times. No costs to either party. All concur.